ALLEN RUTTER v. DOWAGIAC MANUFACTURING COMPANY.[1]

November 22, 1907.

Nos. 15,315—(79).

**Sale—Return of Machine to Agent.**

The plaintiff purchased a seed drill of the defendant from one of its agents. The contract of sale provided that if the drill did not work well notice should be given to the defendant or its agent, and if it could not be made to work it should be returned to the agent of whom it was purchased at his place of business, and the cash and notes given therefor returned to the purchaser. The plaintiff, claiming that the drill could not be made to work and that he rescinded the sale and returned the drill, brought this action to recover the amount of his note which he gave for it. *Held*, that notice to the agent of whom the drill was purchased that it did not work,

1 Reported in 113 N. W. 910.

and its return to such agent, were a sufficient compliance with contract as to notice and return, although the party to whom it was returned was not then the defendant's agent.

Action in the district court for Clay county to recover $125.40 upon a promissory note. The case was tried before Baxter, J., and a jury which rendered a verdict in favor of plaintiff for $136, which pursuant to stipulation was reduced to $128.30. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Nye & Dosland,* for appellant.

*Chas. S. Marden* and *W. B. Douglas,* for respondent.

START, C. J.

On April 6, 1904, the plaintiff purchased from the defendant, of its agent at Baker, this state, a seed drill, and for the purchase price thereof he gave to the defendant, a foreign corporation, his promissory note, and thereby promised to pay it or its order $110, with interest. The defendant, as a part of the contract of sale, warranted the drill to be well made, of good material, and durable with proper care. The contract further provided that if upon one day's trial the drill did not work well the plaintiff should notify the defendant or its agent, and if it was not made to work well, and plaintiff immediately returned it to the agent of whom it was purchased at his place of business, the purchase price should be returned. The plaintiff, claiming that there was a breach of the warranty and that he had complied with its conditions, brought this action in the district court of the county of Clay to recover the purchase price paid, namely, the amount of the promissory note given therefor. There was a verdict for the plaintiff, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

While the defendant assigns forty one alleged errors, only those urged in its brief can be considered, and as to them its claim may be reduced to the propositions following: The only remedy open to the plaintiff, by the terms of the warranty, in case of a breach thereof, was a rescission of the contract by a return of the drill. The evidence did not show that he complied with the conditions of the warranty, which alone authorized him to rescind. Therefore the defend-

ant was entitled to a directed verdict in its favor, and the trial court erred in denying its motion for judgment.

It is urged on behalf of the defendant that the remedy provided in the contract was the sole one for its breach, while it is claimed on the part of the plaintiff that two remedies were open to him; that is, he might either rescind and recover back the purchase price, or sue for damages for a breach of the warranty. It is not necessary here to determine which party is correct, for the plaintiff, when he brought his action, elected to proceed on the basis of a rescission of the contract. The case was so tried by both parties and submitted to the jury by the trial court. The major proposition urged by the appellant must, then, be accepted as true for the purpose of this appeal.

The defendant, in support of its second proposition, claims that the plaintiff did not give notice that the drill did not work well and allow the defendant time to put it in order. There was evidence tending to show, and sufficient to warrant the jury in so finding, that the drill did not work well upon one day's trial, and that the plaintiff sent a letter to this effect to the agent of whom he purchased the drill, who received the letter and came and attempted to fix the drill, but failed so to do. The defendant, however, makes the point that this was not notice to it as provided by the contract. We hold otherwise, for the provision of the warranty that notice should be given to the defendant or its agent does not specify to what particular agent the notice should be given. In the absence of any limitation to the contrary in the contract, the agent who sold the drill manifestly was a proper person to notify. Any other interpretation would enable the defendant to set a trap for the plaintiff, because any practical man, knowing that notice must be given to an agent of the defendant, would naturally select the agent who sold him the drill.

Again, it is urged that the plaintiff did not return or offer to return the drill in accordance with the conditions of the warranty. There was evidence on behalf of the plaintiff that the defendant failed to remedy the defects in the drill and make it work. Thereupon he offered to return the drill to the agent of whom he purchased it at Baker, and asked him where he wanted it, and was directed by such agent to deliver it at Barnesville to another alleged agent of the defendant, and that he did so. There was evidence on the part of the defendant

102 M.—24

to the effect that at the time of such return of the drill the agent of whom it was purchased was not defendant's agent, and that the only authority he ever had was that of a soliciting agent, and that it had no agent, either at Baker or Barnesville, at the particular time the plaintiff claimed to have returned the drill. This is not material, for the contract expressly provided that the drill should be returned to the agent of whom it was purchased, and, the defendant having so stipulated, it could not revoke the authority of the selling agent to receive the drill, which it necessarily conceded by the terms of its contract, and thereby prevent the plaintiff from complying with the conditions of the warranty. If his testimony be true, and of this the jury were the judges, he did all that he practically could to comply with the conditions of the warranty on his part, and the defendant cannot defeat the ends of justice by asserting want of authority in the party to whom the return of the drill was tendered, and who gave directions as to its disposition, after making it one of the express conditions of the contract that it should be returned to such party. It follows that the defendant was not entitled to a directed verdict and that the verdict returned is sustained by the evidence.

Error is also alleged in the ruling of the trial court in the admission of evidence tending to show that a judgment was recovered against the plaintiff for the amount of his note at the suit of a third party as indorsee thereof. Conceding that this was error, for the reason that the plaintiff's damage, in case he recovered, was not the amount of the judgment which he had to pay and interest, but the purchase price which he paid by his promissory note, with interest, yet it was not reversible error, for by the stipulation of the parties the verdict was voluntarily reduced to the actual amount of the plaintiff's damages, measured by the true rule.

Order affirmed.